NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ALBERTO BACA-HERNANDEZ, Petitioner, v. TODD BLANCHE, Attorney General, Respondent. | No. 17-70944 Agency No. A204-510-614 MEMORANDUM* |
| JOSE ALBERTO BACA-HERNANDEZ, AKA Indio Moniker, Petitioner, v. TODD BLANCHE, Attorney General, Respondent. | No. 19-72950 Agency No. A204-510-614 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 30, 2026
San Francisco, California

Before: WARDLAW, OWENS, and DE ALBA, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In these consolidated cases, Jose Alberto Baca-Hernandez ("Baca-Hernandez"), a native and citizen of Mexico, seeks review of two Board of Immigration Appeals' ("BIA") orders. In the first order, the BIA affirmed the immigration judge's ("IJ") denial of Baca-Hernandez's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). In the second order, the BIA denied Baca-Hernandez's second motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We grant the petitions for review and we remand.

Where, as here, the BIA agrees with the IJ's reasoning and supplements that reasoning with its own analysis, we review both decisions. *See Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We review the denial of asylum, withholding of removal, and CAT protection for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We review for abuse of discretion denials of motions to reopen. *Lemus-Escobar v. Bondi*, 158 F.4th 944, 952 (9th Cir. 2025).

The BIA abused its discretion in determining that Baca-Hernandez failed to show a reasonable likelihood that he was incompetent during his removal proceedings. *See Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023) (noting the legal standard for a motion to reopen). "Competency for immigration purposes means having 'a rational and factual understanding of the

2

nature and object of the proceedings,' an ability to consult with one's lawyer or representative, and 'a reasonable opportunity to examine and present evidence and to cross-examine witnesses.'" *Lemus-Escobar*, 158 F.4th at 954–55 (quoting *Matter of M-A-M-*, 25 I&N Dec. 474, 479 (BIA 2011)). "[W]hen there are indicia of incompetency, an [IJ] must take measures to determine whether a [petitioner] is competent to participate in proceedings." *Id.* at 955 (quoting *Matter of M-A-M-*, 25 I&N Dec. at 480).

Here, the record contains indicia of incompetency during Baca-Hernandez's removal proceedings. In 2015, Baca-Hernandez was shot in the face which resulted in wounds to his chest, neck, and face. As a result of these injuries, Baca-Hernandez became permanently blind. In 2016, the removal proceedings commenced. During the proceedings, Baca-Hernandez—appearing pro se—showed indicia of incompetency. For example, during the proceedings, Baca-Hernandez showed difficulty remembering basic familial facts. Indeed, Baca-Hernandez expressly informed the IJ he was blind, that he "was missing a lot" of information, and that he was having trouble during the proceedings. Yet, the IJ failed to ask any follow up questions and dismissed Baca-Hernandez's complaints. "[T]aken in the aggregate, the evidence in the record clearly contains, at a minimum, *indicia* of incompetence warranting further inquiry by the IJ pursuant to *Matter of M-A-M-*." *Id.* at 956.

3

Accordingly, we grant Baca-Hernandez's petitions for review and remand so that the IJ "take measures to determine" whether Baca-Hernandez was "competent to participate in proceedings." *Id.* at 955 (quoting *Matter of M-A-M-*, 25 I&N Dec. at 480).

**PETITIONS FOR REVIEW ARE GRANTED AND REMANDED.**